IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL FRANKLIN SCHROEDER, | No. C 03-04095 JSW |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| EDWARD ALAMEIDA, JR, in his capacity as head of the California Department of Corrections, | |
| Respondent. | |

Petitioner Russell Schroeder, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was convicted in the Superior Court of the State of California in and for the County of Santa Clara of four counts of committing a lewd act and one count of exhibiting harmful matter. Petitioner was sentenced to a term of 12 years.

Petitioner unsuccessfully appealed his conviction to the Sixth District Court of Appeal of California and with the Supreme Court of California. Petitioner filed his petition for writ of habeas corpus in this Court on September 8, 2003 and asked this Court to hold his petition in abeyance while he exhausted his state remedies. The Court granted Petitioner's request to hold his petition in abeyance on September 17, 2003. Petitioner then filed an amended petition for writ of habeas corpus on August 31, 2004.

**DISCUSSION**

**A.      Legal Standard.**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**B.      Petitioner's Legal Claims.**

Petitioner seeks federal habeas corpus relief by raising the following claim: that application of Evidence Code § 1108, on which the trial court relied to admit evidence of criminal disposition, violates the Ex Post Facto clause of the Constitution. Liberally construed, the claims appear potentially colorable under 28 U.S.C. § 2254 and merit an answer from Respondents.

**CONCLUSION**

For the foregoing reasons and for good cause shown:

1.      Petitioner shall serve by certified mail a copy of this Order and the petition and all attachments thereto upon Respondent.

2.      Respondent shall file with the Court and serve on Petitioner, within 60 days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3.     If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated:   April 29, 2005                                         /s/ Jeffrey S. White
                                                                JEFFREY S. WHITE
                                                                UNITED STATES DISTRICT JUDGE

3