IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL FRANKLIN SCHROEDER, | No. C 03-04095 JSW |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| EDWARD ALAMEIDA, JR., in his capacity as head of the California Department of Corrections, | |
| Respondent. | |

Now before the Court is Russell Franklin Schroeder's ("Schroeder") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, concerning his conviction for four counts of committing a lewd act on a minor. After considering the record, the parties' papers and arguments, and reviewing the legal authority, the Court hereby DENIES the petition for writ of habeas corpus.

**BACKGROUND**

On May 14, 1999, five counts of sexual misconduct were filed against Schroeder: three counts of committing a lewd act on his granddaughter Jessica; one count of committing a lewd act on his other granddaughter Alicia; and one count of exhibiting harmful material. (Clerk's Transcript ("CT") at 94-98.)

At trial, the prosecution introduced evidence that Schroeder had previously molested his daughters Marcia and Lisa, paid young girls to take off their clothes, offered to pay young girls for

oral sex, and had been seen naked by young girls. (*Id.* at 286-297, 361-69, 232-36, 333-341, 375-384.) The court permitted this evidence of prior sexual offenses under California Evidence Code section 1108 ("Section 1108") to demonstrate a propensity to commit sexual offenses. (Reporter's Transcript ("RT") at 463-65.)

On May 22, 2000, the jury in the Santa Clara County Superior Court convicted Schroeder of all five counts and later sentenced him to a term of 12 years. (CT at 889-891, 940.) The California Court of Appeal affirmed the conviction. *People v. Schroeder,* H021715, 2002 WL 436944 (Cal. App. 6 Dist. Mar. 20, 2002). The California Supreme Court denied review. *People v. Schroeder*, S097513 (June 12, 2002).

On September 8, 2003, Schroeder filed a petition for writ of habeas corpus in this Court, but requested that the petition be held in abeyance while he exhausted all state remedies. The state court then vacated the harmful matter count. After exhausting state remedies, Schroeder filed an amended petition for writ of habeas corpus before this Court on August 30, 2004.

Schroeder asserts that the admission of his prior uncharged sexual offenses under Section 1108 violates the prohibition of ex post facto laws because Section 1108 did not become effective until after the offenses were purportedly committed.

**STANDARD OF REVIEW**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), so the provisions of that act apply. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499-1500 (9th Cir. 1997).

Under AEDPA, a district court may not grant a petition challenging a state conviction or sentence with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of

2

1  the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d).

2  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court
3  arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the
4  state court decides a case differently than [the] Court has on a set of materially indistinguishable
5  facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application'
6  clause, a federal habeas court may grant the writ if the state court identifies the correct governing
7  legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the
8  prisoner's case." *Id*. at 413.

9  A "federal habeas court may not issue the writ simply because that court concludes in its
10 independent judgment that the relevant state-court decision applied clearly established federal law
11 erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. When
12 making the "unreasonable application" inquiry, the federal habeas court should ask whether the state
13 court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## ANALYSIS

15 In general, evidence of past misconduct is not admissible to show propensity to commit the
16 charged crime. Cal. Evid. Code § 1101.  However, in cases in which the defendant is accused of a
17 sexual offense, evidence of prior sexual offenses is admissible for the purpose of showing a
18 disposition to commit sexual offenses.  Cal. Evid. Code § 1108.  Evidence offered under Section
19 1108 is subject to balancing under California Evidence Code section 352, which provides for the
20 exclusion of otherwise admissible evidence when its probative value is outweighed by potentially
21 prejudicial effects.  Cal. Evid. Code § 352.

22 Despite Schroeder's objections, the trial court admitted the evidence of his prior uncharged
23 sexual offenses under Section 1108.  (RT at 463-65.)  The jury was instructed that, if they found
24 Schroeder had committed the prior offenses, they could infer that he had a disposition to commit
25 sexual offenses and that he was likely to have committed the charged crime.  (RT at 712-13.)

26 The legislature enacted Section 1108 in 1995, and the law became effective at the beginning
27 of 1996.  Cal. Evid. Code § 1108; Cal. Gov't Code § 9600.  Schroeder's offenses are purported to
28 have occurred in 1993, prior to Section 1108's enactment.  (CT at 94-98.)  He therefore contends

3

1 that Section 1108 is an ex post facto law that should not apply in his case because it post-dated the
2 commission of his offenses. He claims the retroactive application of Section 1108 during his 2000
3 trial, violates the prohibition of ex post facto laws.

4 The Ex Post Facto Clause of the Constitution provides that "[n]o state shall . . . pass any Bill
5 of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts . . . ." U.S. Const.,
6 Art. I, § 10. The Supreme Court has identified four categories of ex post facto laws that cannot be
7 applied retroactively: 1) a law that makes an act criminal even though innocent when committed, 2)
8 a law that aggravates a crime or makes it greater than when committed, 3) a law that inflicts greater
9 punishment than when committed, and 4) a "law that alters the legal rules of evidence, and receives
10 less, or different, testimony, than the law required at the time of the commission of the offence, in
11 order to convict the offender." *Calder v. Bull*, 3 U.S. 386, 390 (1798).

12 The Supreme Court has repeatedly endorsed these categories, including the fourth category.
13 *Carmell v. Texas*, 529 U.S. 513, 525, 537 (2000). The fourth category is at issue in this case. The
14 fourth category encompasses laws that "lower the burden of proof" or "reduce the quantum of
15 evidence necessary to meet that burden." *Id*. at 541. At the time the *Carmell* defendant committed
16 the charged sexual offense, a Texas statute required corroborating evidence to support the victim's
17 testimony unless the victim was under age 14. Later, the statute was amended to remove the
18 corroboration requirement if the victim was under age 18. *Id*. at 517-18. The Court determined that
19 the amendment fit into the fourth category because it "authorize[d] a conviction on less evidence
20 than previously required." *Id*. at 531.

21 The Court made clear, however, that not all evidentiary rules implicate the Ex Post Facto
22 Clause. "Ordinary rules of evidence . . . do not violate the Clause" because "by simply permitting
23 evidence to be admitted at trial, [the rules] do not at all subvert the presumption of innocence,
24 because they do not concern whether the admissible evidence is sufficient to overcome the
25 presumption." *Id.* at 533 n.23. The Court differentiated sufficiency of the evidence rules, like the
26 one at issue in *Carmell*, with admissibility rules, such as the one at issue in this case. "The issue of
27 admissibility of evidence is simply different from the question whether the properly admitted
28 evidence is sufficient to convict the defendant." *Id*. at 546. Additionally, the Court explained that

4

another Supreme Court decision "specifically distinguished laws that 'alter the degree . . . of the proof' required to convict from those laws that merely respect what kind of evidence may be introduced at trial." *Id*. at 550 (referring to *Hopt v. Territory of Utah*, 110 U.S. 574 (1884)). Section 1108 does not alter the amount of evidence necessary to convict; it merely allows the admission of evidence that was previously excluded for purposes of showing propensity. Because Section 1108 addresses only what type of evidence can be admitted, it is an admissibility rule, distinguishable from a sufficiency rule.

Schroeder's reliance on *Carmell* is misplaced because of this important distinction between sufficiency of the evidence rules and admissibility of evidence rules. Schroeder claims that his case is "virtually identical to *Carmell*" because Section 1108 "changed the sufficiency of facts . . . for meeting the burden of proof." Petitioner's Memorandum at 15.

The amendment at issue in *Carmell* changed the amount of evidence necessary to meet the burden of proof. Before the amendment, the victim's testimony and corroboration were both required, while after the amendment, testimony alone was sufficient. *Carmell*, 529 U.S. at 517-18. By removing the corroboration requirement, the prosecution could met its burden with less evidence. In contrast, Section 1108 does not change the amount of evidence necessary to meet the burden of proof. The jury was specifically instructed that the evidence of Schroeder's prior sexual offenses was "not sufficient by itself to prove beyond a reasonable doubt that he committed the charged crimes." (RT at 1756.) So, "[w]hile [Section 1108] may have added to the evidence the jury could consider as to defendant's guilt, it did not lessen the prosecution's burden to prove his guilt beyond a reasonable doubt." *People v. Fitch*, 55 Cal. App. 4th 172, 182-83 (1997). Therefore, Section 1108 does not violate the Ex Post Facto Clause.

The California Supreme Court in *Fitch* rejected an ex post facto challenge to Section 1108. *Id*. at 186. During defendant's trial for rape, the court admitted evidence under Section 1108 that he had previously committed rape. *Id*. at 177. Defendant asserted that the application of Section 1108 violated the Ex Post Facto Clause because the charged offense took place in 1995, prior to the 1996 enactment of Section 1108. *Id*. at 185. The court explained that *Calder*'s fourth category concerning a law that alters the legal rules of evidence "was not intended to prohibit the application

5

of new evidentiary rules in trials for crimes committed before the changes." *Id.* (citations omitted). Therefore, "a new rule of evidence which admits evidence not previously admissible or which extends competency to a witness may validly operate in the trial of a prior offense." *Id.* at 186 (citations omitted). Although *Fitch* pre-dates *Carmell*, the court's reasoning in *Fitch* regarding rules of admissibility is consistent with *Carmell*.

Other post-*Carmell* district court decisions have ruled that the retroactive application of Section 1108, and section 1109 of the California Evidence Code, which allows the admission of prior domestic violence actions in domestic violence cases to prove propensity, does not violate the Constitutional prohibition against ex post facto laws. Three decisions in this district involve similarly situated petitioners who have made the same claim as Schroeder – that the admission of prior misconduct under Section 1108 or 1109 violated ex post facto rights because the charged crime occurred before the appropriate section went into effect. All three petitioners were denied relief on this basis.

In *Perez v. Duncan*, the defendant was convicted of several sexual assaults against children. *Perez v. Duncan*, 2005 WL 2290311, *1 (N.D. Cal. 2005). During trial, the court admitted evidence under Section 1108 that the defendant had molested other children. *Id.* at *6. Because the charged sexual offenses took place between 1991-1995, the defendant claimed that Section 1108, enacted in 1996, was an ex post facto law. *Id.* In rejecting this claim, the court explained that Section 1108 "did not lower the burden of proof for the prosecution or change the quantum of evidence necessary to convict. . . . Section 1108 changed evidence admissibility rules, but that was permissible under *Carmell* and did not run afoul of the Ex Post Facto Clause." *Id.* at *7.

In *Niebauer v. Blanks*, the court admitted evidence of a prior domestic "scuffle" during defendant's trial for the murder of his wife. *Niebauer v. Blanks*, 2003 WL 22288155, *1, *7 (N.D. Cal. 2003). The court of appeal found the evidence admissible under Section 1109. *Id.* at *7. Defendant argued that Section 1109 was not part of the California Evidence Code at the time of the tried offense, and therefore the application of retroactive legislation violated the Ex Post Facto Clause. *Id.* at *8. In rejecting the claim, the court explained that the "effect of section 1109 was merely to permit the introduction of a type of evidence that was previously inadmissible" and that

6

1 "changes to rules of evidence that 'simply permit[ ] evidence to be admitted at trial' do not pose an ex post facto problem." *Id*. (quoting *Carmell*, 529 U.S. at 533 n.23).

In *Chavarria v. Hamlet,* during defendant's trial for acts of domestic violence against his current wife, the court admitted Section 1109 evidence of prior incidents of domestic violence against his current and former wives. *Chavarria v. Hamlet*, 2003 WL 1563992, *3-4 (N.D. Cal. 2003). Defendant argued that the trial court erred in admitting this evidence because it violated his rights under the Ex Post Facto Clause. *Id*. at *9. In rejecting the claim, the court explained that the statute "did not lower the burden of proof for the prosecution and did not change the quantum of evidence necessary to convict." *Id*. at *13. Rather, it "permitted the jury to consider additional relevant evidence" and therefore "did not run afoul of the Ex Post Facto Clause." *Id*.

Likewise, the retroactive application of Section 1108 in Schroeder's trial did not violate the Ex Post Facto Clause.

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 31, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

7