IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL FRANKLIN SCHROEDER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>EDWARD ALAMEIDA, JR.,<br>in his capacity as head of the California<br>Department of Corrections,<br><br>　　　　Respondent. | No. C 03-04095 JSW<br><br>**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY** |

**INTRODUCTION**

On January 31, 2006, this Court denied Russell Franklin Schroeder's ("Schroeder") petition for writ of habeas corpus. On February 13, 2006, Schroeder filed a notice of appeal and a request for certificate of appealability pursuant to 28 U.S.C § 2253(c).

**BACKGROUND**

On May 22, 2000, a jury in the Santa Clara County Superior Court convicted Schroeder of four counts of committing a lewd act on his granddaughters and one count of exhibiting harmful material. He received a sentence of 12 years. The state court later vacated the harmful material count.

On August 30, 2004, Schroeder filed an amended petition for writ of habeas corpus before this Court. In his petition, Schroeder claimed that evidence admitted at trial under California Evidence Code section 1108 ("Section 1108") violated the prohibition of ex post facto laws because

Section 1108 did not become effective until after the offenses were purportedly committed. On January 31, 2006, this Court denied his petition on the merits.

In his request for certificate of appealability, Schroeder claims that "[t]he District Court erred in concluding that the retroactive application of California Evidence Code section 1108 did not violated [sic] the Ex Post Facto Clause."

## LEGAL STANDARD

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c). A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The issuance of a COA does not require a showing that the appeal will succeed, only that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner], or that the questions are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)*; Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1983).

## ANALYSIS

In cases in which the defendant is accused of a sexual offense, Section 1108 permits the admission of prior sexual offenses for the purpose of showing a disposition to commit sexual offenses. Cal. Evid. Code § 1108. Prior to the enactment of Section 1108, prior sexual offenses were not admissible for showing propensity to commit the charged crime. *Id. See* Cal. Evid. Code § 1101. Section 1108 altered the rules of admissibility by rendering more information admissible than before its enactment.

The Supreme Court has identified four categories of ex post facto laws that cannot be applied retroactively. *Calder v. Bull*, 3 U.S. 386, 390 (1798). Of the four categories, Section 1108 potentially qualifies only for the fourth category. The fourth category includes "[e]very law that

alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, *in order to convict the offender.*" *Id.* (emphasis in original).

In *Carmell v. Texas*, the Court held that retroactive application of an amendment altering the legal rules of evidence to require less evidence to obtain a conviction violated the Ex Post Facto Clause. *Carmell v. Texas*, 529 U.S. 513, 530 (2000). In its discussion, the Court differentiated sufficiency of the evidence rules, like the one at issue in *Carmell*, from admissibility rules, such as the one at issue in this case. *Id.* at 545-46. "The issue of admissibility of evidence is simply different from the question whether the properly admitted evidence is sufficient to convict the defendant." *Id.* at 546. Admissibility of the evidence rules do not implicate the Ex Post Facto Clause because "by simply permitting evidence to be admitted at trial, [the rules] do not at all subvert the presumption of innocence, because they do not concern whether the admissible evidence is sufficient to overcome the presumption." *Id.* at 533 n.23.

Courts have interpreted the language of *Carmell* to find that Section 1108 does not violate the prohibition of ex post facto laws. This Court relied on authority in the Supreme Court of California and other courts in this district in reaching its decision. S*ee People v. Fitch*, 55 Cal. App. 4th 172 (1997); *Perez v. Duncan*, 2005 WL 2290311, (N.D.Cal. 2005); *Chavarria v. Hamlet*, 2003 WL 1563992, (N.D. Cal. 2003); *Niebauer v. Blanks*, 2003 WL 22288155 (N.D.Cal. 2003). *See also Mejia v. Garcia*, 2006 WL 355131 (E.D.Cal. 2006); *Bristow v. Terhune*, 2005 WL 1335240 (E.D.Cal. 2005).

Additionally, other circuits have rejected ex post facto challenges involving laws similar to Section 1108. The Tenth Circuit addressed a newly-enacted Oklahoma statute that permitted the admission of victim impact testimony in capital sentencing proceedings. *Neill v. Gibson*, 278 F.3d 1044, 1051 (10th Cir. 2001). The statute did not become effective until after defendant's first trial, but the court applied it retroactively at the retrial. *Id*. The court held that the application of the new law did not violate the Ex Post Facto Clause because it "d[id] not change the quantum of evidence necessary for the State to obtain a death sentence, nor d[id] it otherwise subvert the presumption of innocence. Further, the Oklahoma statute leaves for the jury to determine the victim impact

3

1  evidence's sufficiency or effect." *Id*. Likewise, the Sixth Circuit addressed a change to an Ohio law
2  regulating the admissibility of plea discussions. *Fraizer v. Huffman*, 343 F.3d 780, 801 (6th Cir.
3  2003). The version of the rule used at trial permitted the admission of defendant's offer to plead
4  guilty, while the version of the rule applicable at the time of the offense did not. *Id*. The court
5  explained that "the change to Rule 410 did not alter the quantum of evidence necessary to convict
6  Frazier. Rather, it expanded the range of admissible testimony." *Id*. Therefore, "the Ex Post Facto
7  Clause is not implicated by the change to Rule 410." *Id*. In both cases, like the case at hand, a new
8  or revised law allowed the admission of testimony that was inadmissable at the time of the offense.
9  In both cases, defendant's ex post facto challenges did not prevail. *See also Palmer v. Clarke*, 408
10 F.3d 423 (8th Cir. 2005) (holding that the retroactive application of an amendment to the adverse
11 spousal testimony privilege did not violate the Ex Post Facto Clause).

12 As shown above, this Court's decision was well reasoned and consistent with current case
13 law interpreting *Carmel*. However, a reasonable jurist might make the argument that although
14 Section 1108 is an admissibility of the evidence rule, it is not evenhanded as it will always benefit
15 the state. *See Carmell*, 529 U.S. at 533 n.23, 546. The rule permits the prosecution to admit
16 evidence against the defendant, exposing the defendant's prior sexual misconduct to the jury. In
17 almost any scenario, admitting prior sexual misconduct will be detrimental to the defendant.

18 Although a reasonable jurist might make this argument, the Tenth Circuit has already
19 disposed of it. *Neill*, 278 F3d at 1052-53. "Despite the fact that Oklahoma's statute permitting
20 victim impact evidence benefit[ed] only the State . . . it d[id] not violate the ex post facto prohibition
21 here because it neither change[d] the quantum of proof nor otherwise subvert[ed] the presumption of
22 innocence." *Id*. at 1053. The victim impact testimony statute at issue in *Neill*, discussed above,
23 strongly resembles the statute at issue in this case: both are laws that permit the admission of
24 evidence not admissible at the time of the purported offense, and both were used during trial to
25 admit evidence detrimental to the defendant.

26 The rejection of ex post facto challenges to Section 1108 by the Supreme Court of California
27 and federal district courts in California, as well as the rejection of ex post facto challenges to rules of
28 admissibility similar to Section 1108 by other circuit courts, offers substantial support to conclude

4

that the retroactive application of Section 1108 does not violate the prohibition of ex post facto laws.

## CONCLUSION

For the foregoing reasons, and for the reasons discussed in the order denying the petition, the Court DENIES petitioner's application for a certificate of appealability. The clerk of the court shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: February 28, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE